## Briem v. Coppola

*Richard S. Crone,* for plaintiff.
*Beverly Poling-Kalis,* for defendants Coppola.

WETTICK, *A.J.,* March 21, 1984—This is a wrongful death and survival action involving a fire which resulted in the death of plaintiff's husband. Defendants filed a motion to produce memoranda prepared by a private investigator employed by plaintiff's counsel which summarized interviews with several persons who had some knowledge of the fire.

Plaintiff contends that the memoranda are not discoverable because they are neither substantially verbatim recitations of oral statements by the persons making them nor statements contemporaneously recorded. In support of this position, plaintiff cites Pa.R.C.P. 4003.4, which entitles a party to the immediate receipt of a photostatic copy of any statement concerning the action or its subject matter previously made by any party or witness but restricts statements to a written statement "signed or otherwise adopted or approved by the person making it, or a . . . transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded."

However, defendants base their right to discovery on Pa.R.C.P. 4003.3 which entitles a party to discover "any matter discoverable under Rule 403.1 even though prepared in anticipation of litigation or trial by or for another party . . ."[1] The clear language of this provision encompasses a written summary of information obtained from a witness. Also, the last two sentences of the final paragraph to the explanatory Note-1978 to this rule makes clear that such information is discoverable.

"Under the Rule, a lawyer's notes or memoranda of an oral interview of a witness, who signs no written statement, are protected but the same notes or memoranda made by an insurance investigator will not be protected. A signed statement of the witness is of course, always discoverable no matter who took it or where it is filed."

Plaintiff apparently contends that we should not construe Rule 4003.3 in accordance with its clear language because of the established rule of construction that if two provisions are in conflict, the more specific provision prevails over the general provision. However, this rule of construction has limited applicability because it is subordinate to the rule of construction that, if possible, the two provisions shall be construed in a manner that effect may be given to both provisions. Pa.R.C.P. 132. Moreover, there is no conflict between Rules 4003.3 and 4003.4 because the purpose of Rule 4003.4 is not to restrict discovery but, rather, to expand discovery rights whenever a discovery request involves a signed or verbatim statement.

---

1. This rule protects from discovery the mental impressions, conclusions or opinions respecting the value or merit of a claim or defense or strategy or tactics of a representative of a party. In this case, defendants agree that plaintiff may strike such information from the memoranda which it seeks.

Prior to the adoption of the current discovery rules in 1978, information obtained by a party in anticipation of litigation or trial was protected from discovery (former Rule 4011(d)). Nevertheless, several common pleas courts permitted a party to obtain through discovery the signed written statements of a party obtained by an opposing party. See, e.g., Cancilla v. Saroczak, 125 P.L.J. 359 (1977). These courts created this exception to the rule protecting from discovery a party's work product in order to minimize the tactical advantage which a party possesses when he or she has secured a statement from the adverse party prior to suit or retention of counsel. This case law covered only signed written statements — unsigned summaries of interviews with a party were protected from discovery under the work product protection.

This distinction between the summary of an interview and the signed or verbatim statement is preserved in our current rules of discovery.[2] Rule 4003.3 abolishes the work product protection provided by the previous discovery rules by permitting discovery of most trial preparation material. But such trial preparation material is discoverable only through the methods of discovery described in Pa.R.C.P. 4001(d). Rule 4003.4, on the other hand, gives special treatment to the signed or verbatim statement in two ways. First, it permits a non-party witness to obtain his or her statement. Second, it entitles a party or witness to the immediate receipt

---

2. The Federal Rules of Civil Procedure make this same distinction by protecting trial preparation materials from discovery (in the absence of a showing of substantial need) while allowing a party to obtain "without the required showing a statement concerning the action or its subject matter previously made by that party." Rule 26(b)(3).

of his or her statement upon written request — the party or witness is not required to pursue the more time-consuming methods of discovery described in Rule 4001(d) that may result in other discovery taking place before the party or witness may obtain his or her statement (such as the party's deposition being taken before the party's statement is produced).

Pa.R.C.P. 131 provides that rules in pari materia shall be construed together, if possible, as one rule. This opinion's construction of Rules 4003.1, et seq., achieves this result. Rule 4003.1 permits a party to obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, subject to the provisions of Rules 4003.2 to 4003.5. Rule 4003.2 expands the scope of 4003.1 to permit the discovery of insurance information. Rule 4003.3 explicitly provides for the discovery of trial preparation material while preserving a narrow work product protection. Rule 4003.4 provides for the immediate discovery of verbatim and signed statements discoverable under Rules 4003.1 and 4003.3. Rule 4003.5 establishes procedures for the discovery of the opinions of specially retained experts while limiting the scope of discovery of the facts known and opinions held by an expert.

Because defendants are entitled to copies of the writings covered in its motion for production under Rules 4003.1 and 4003.3, we enter the following

## ORDER OF COURT

On this March 21, 1984, it is hereby ordered that plaintiff shall within 10 days comply with the motion for production of defendants Louis A. Coppola and Delores M. Coppola provided, however, that plaintiff may delete from any writings the mental

impressions, conclusions, or opinions respecting the value or merit of the claim or defense or respecting strategy or tactics of the person who prepared these writings.